IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RAY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-19-1940 |
| | § | |
| ED GONZALEZ and | § | |
| JUDGE ABIGAIL ANASTASIO, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff James Ray Johnson has filed this civil action under 42 U.S.C. § 1983 against the judge who presided over his criminal case and the Harris County Sheriff, contending that he was illegally incarcerated in the Harris County Jail without probable cause. In his complaint, he requests leave to proceed *in forma pauperis*. (Docket Entry No. 1 at 5). Pursuant to 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's claims must be dismissed for the reasons that follow.

**I. Background**

Plaintiff alleges that on October 18, 2018, he was illegally incarcerated due to a new charge that he violated a protective order. *See* Docket Entry No. 1 at 4. He alleges that he was held until April 2, 2019 before his bond was lowered to $30,000 from $200,000. Id. He also alleges that a GPS tracker was placed on

his leg on April 11, 2019, but the court made a clerical error and failed to clear the warrant for his arrest at that time, which resulted in his arrest on April 25, 2019. Id. at 4-5.

Plaintiff alleges that he was held in Harris County Jail for 7 months without probable cause pursuant to Judge Anastasio's order. He claims that Sheriff Gonzalez is liable because he is the keeper of the Jail and allowed him to be detained without probable cause. For relief, Plaintiff seeks damages for emotional distress and suffering for being detained without probable cause.[1]

## II. **Legal Standards**

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint by a party seeking to proceed *in forma pauperis* and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See id. An action is frivolous if it lacks any arguable basis in law or fact.

---

[1] It does not appear that Plaintiff is currently incarcerated. Plaintiff has previously attempted to sue Judge Anastasio regarding some of the allegations (that occurred before the April 2019 events) that he sets forth in this case. See Johnson v. Anastasio, Civ. A. No. H-19-845 (S.D. Tex. Mar. 28, 2019) (Bennett, J.). In Plaintiff's earlier case, the court explained that Judge Anastasio is absolutely immune from his claims against her for her judicial acts and issued a strike under 28 U.S.C. § 1915(g) for filing a frivolous claim while incarcerated. Id. Plaintiff is warned that future similar frivolous filings may result in sanctions.

2

Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

### III. Discussion

Plaintiff's claim against Judge Anastasio fails as a matter of law because judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. See Pierson v. Ray, 87 S. Ct. 1213, 1217 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); Stump v. Sparkman, 98 S. Ct. 1099, 1105 (1978); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1995); see also Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireles v. Waco, 112 S. Ct. 286, 288 (1991). Allegations of bad faith do not overcome judicial immunity, id., and neither do allegations of procedural errors. See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991). Judicial immunity is overcome only

3

when the complained-of acts were not taken in the judge's judicial capacity, or when they were taken in the complete absence of all jurisdiction. Mireles, 112 S. Ct. at 288, 289.

Plaintiff generally alleges that Judge Anastasio illegally detained him without a finding of probable cause. There is no indication that Judge Anastasio acted outside of her jurisdiction; all of the allegations concern judicial acts taken in her official capacity. Id. Accordingly, Judge Anastasio is entitled to judicial immunity, and Plaintiff's claims against her must be dismissed.

Plaintiff's claim against Sheriff Gonzalez also fails as a matter of law. In this circuit, supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See* Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also* Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of

the constitutional violation.'" Thompkins, 828 F.2d at 304 (quotations omitted); *see also* Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011) ("A supervisory official may be held liable [under § 1983] . . . if . . . he implements unconstitutional policies that causally result in the constitutional injury").

There is no indication that Sheriff Gonzalez implemented an unconstitutional policy or that he had any personal involvement in Plaintiff's alleged harm. *See* Monell v. Dep't of Social Servs., 436 U.S. 658, 691-93 (1978) (holding that supervisory officials cannot be held vicariously liable for their subordinates' actions under section 1983); *see also* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("'[S]upervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.") (citation omitted); Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999) ("Supervisory officers . . . cannot be held liable under § 1983 for the actions of subordinates . . . on any theory of vicarious liability."). Plaintiff alleges no facts to show that Sheriff Gonzalez had any personal involvement in his case. *See* Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992) (holding that a plaintiff bringing a section 1983 action must "specify the personal involvement of each defendant"). Accordingly, Plaintiff's conclusory claims against Sheriff Gonzalez must be dismissed for failure to state a claim for which relief may be granted.

## IV. ORDER

Accordingly, it is hereby

**ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim for which relief may be granted; and it is

**ORDERED** that all pending motions, if any, are **DENIED as MOOT**. Plaintiff is **WARNED** that further duplicative, frivolous filings may result in monetary or other sanctions.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 26TH day of June, 2019.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE